# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
No. 04-1041V
Filed: June 7, 2013
Not for Publication

```
************************************
JENNIFER STONE and GARY STONE,      *
Parents and Next Friends of AMELIA  *
STONE, a minor,                     *
                                    *
              Petitioners,          *          Attorneys' Fees & Costs Decision
 v.                                 *          Based on Informal Agreement
                                    *
SECRETARY OF HEALTH                 *
AND HUMAN SERVICES,                 *
                                    *
              Respondent.           *
                                    *
************************************
```

<u>Richard Gage</u>, Cheyenne, WY, for petitioners.
<u>Alexis B. Babcock</u>, Washington, DC, for respondent.

**MILLMAN, Special Master**


## DECISION AWARDING FINAL ATTORNEYS' FEES AND COSTS[1]

On June 7, 2013, the parties informed the undersigned's law clerk that they reached an agreement on an appropriate amount for attorneys' fees and costs in this case.

In accordance with the General Order #9 requirement, petitioners' counsel asserts that petitioners did not incur any costs in pursuit of their petition.

---

[1] Because this unpublished decision contains a reasoned explanation for the special master's action in this case, the special master intends to post this unpublished decision on the United States Court of Federal Claims's website, in accordance with the E-Government Act of 2002, Pub. L. No. 107-347, 116 Stat. 2899, 2913 (Dec. 17, 2002). Vaccine Rule 18(b) states that all decisions of the special masters will be made available to the public unless they contain trade secrets or commercial or financial information that is privileged and confidential, or medical or similar information whose disclosure would constitute a clearly unwarranted invasion of privacy.  When such a decision is filed, petitioner has 14 days to identify and move to redact such information prior to the document's disclosure.  If the special master, upon review, agrees that the identified material fits within the banned categories listed above, the special master shall redact such material from public access.

On May 3, 2013, petitioners filed a Motion for Award of Final Attorneys' Fees and Reimbursement of Costs requesting $19,242.02 in attorneys' fees and costs. During informal discussions, respondent raised objections to certain items. Based on these objections, petitioners now amend their request for attorneys' fees and costs and request $17,800.00 in attorneys' fees and costs. Respondent does not object to the reduced amount. The undersigned finds this amount to be reasonable. Accordingly, the court awards **$17,800.00**, representing reimbursement for attorneys' fees and costs. The award shall be in the form of a check payable jointly to petitioners and Richard Gage, P.C. in the amount of **$17,800.00**.

In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court is directed to enter judgment herewith.[2]

**IT IS SO ORDERED.**

Dated: June 7, 2013                                        /s/ Laura D. Millman
                                                              Laura D. Millman
                                                              Special Master

---

[2] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by each party, either separately or jointly, filing a notice renouncing the right to seek review.